UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ELIZABETH J. Z.,[1]

      Plaintiff,

  v.

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

24-CV-0666-MAV
**DECISION AND ORDER**

---

## INTRODUCTION

Elizabeth J. Z. ("Plaintiff") brought this action pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of the United States Social Security Administration ("Commissioner"), denying her application for Disability Insurance Benefits ("DIB"). *See* ECF No. 1. The parties filed cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. ECF Nos. 11, 17. For the reasons set forth below, the Court grants Plaintiff's motion, ECF No. 11, and denies the Commissioner's cross-motion, ECF No. 17.

## PROCEDURAL HISTORY

The Court assumes the reader's familiarity with the facts and procedural history in this case and therefore addresses only those facts and issues which bear directly on the resolution of the motions presently before the Court.

---

[1] The Court's Standing Order issued on November 18, 2020, directs that "in opinions filed pursuant to ...42 U.S.C. § 405(g), in the United States District Court for the Western District of New York, any non-governmental party will be identified and referenced solely by first name and last initial."

## I. Plaintiff's Application

On December 29, 2020, Plaintiff filed an application for DIB, alleging an amended disability onset date of July 8, 2020, due to a low back injury, fibromyalgia, arthritis, left hip tear, cervical spine impairments, and right shoulder impairments. Administrative Record ("AR") at 329.[2] She was last insured for disability insurance benefits on December 31, 2021. *Id.* at 319. The claim was initially denied by the Social Security Administration ("SSA") in April 2021 and on reconsideration in September 2021. *Id.* at 77–115, 157–82. Thereafter, Plaintiff timely requested a hearing. *Id.* at 261–62.

This was Plaintiff's second application for DIB. *Id.* at 39–40. A hearing on Plaintiff's December 2020 application was stayed while Plaintiff's first claim was pending review in the district court. *Id.*

## II. Plaintiff's Hearing Before the ALJ

On June 20, 2023, an Administrative Law Judge ("ALJ") held a hearing during which Plaintiff testified telephonically. *Id.* at 36–38. Plaintiff was represented by two attorneys. *Id.* at 17, 36. Plaintiff testified that she was 50 years old,[3] lived with her husband, completed 11th grade, and does not have a GED. *Id.* at 44. Plaintiff testified that due to her pain, she, *inter alia*, "rest[s] a lot" during the day—meaning lying down for 2 to 3 hours in what would be an 8-hour workday—, cannot cook, shop for

---

[2] When referencing the page number(s) of citations to the administrative record in this Decision and Order, the Court cites to the SSA citations located at the bottom right of the papers.

[3] 48 years old as of the date last insured. AR at 25 (citing 20 C.F.R. § 404.1563).

groceries, or do laundry, cannot sit or stand for more than 15 minutes at a time, and cannot walk for more than 5 or 10 minutes at a time. *Id.* at 45–47; *see id.* at 47–57.

The ALJ also heard testimony from a vocational expert (the "VE"), who opined that a hypothetical claimant with a residual functional capacity[4] ("RFC") identical to that which the ALJ ultimately determined Plaintiff to have would not be able to perform Plaintiff's past relevant work, but would be able to perform various jobs that existed in significant numbers in the national economy. *Id.* at 25–27, 61–75.

## III. The ALJ's Decision

On October 4, 2023, the ALJ issued a decision finding that Plaintiff was not disabled and therefore did not qualify for DIB. AR at 27.

At the outset, the ALJ found that Plaintiff met the insured status requirements for DIB[5] through December 31, 2021, and had not engaged in substantial gainful activity since her amended alleged onset date of July 8, 2020. *Id.* at 19. Then, at step two of the Commissioner's "five-step, sequential evaluation process,"[6] the ALJ

---

[4] "Residual functional capacity" ("RFC") means the most that the claimant can still do in a work setting despite the limitations caused by the claimant's impairments. 20 C.F.R. § 404.1545.

[5] Claimants must meet the insured status requirements of the Social Security Act to be eligible for DIB. *See* 42 U.S.C. § 423(c); 20 C.F.R. § 404.130.

[6] In addition to the insured status requirements for DIB benefits, the Social Security Administration has outlined a "five-step, sequential evaluation process" that an ALJ must follow to determine whether a claimant has a "disability" under the law:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a "residual functional capacity" assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

determined that Plaintiff had the following severe impairments: cervical and lumbar degenerative disc disease with radiculopathy, left labral hip tear, fibromyalgia, obesity, and lupus. *Id.* at 20. After considering the "paragraph B" criteria,[7] the ALJ found that Plaintiff's anxiety disorder and panic attacks, considered separately and in combination, did not cause more than minimal limitations to Plaintiff and thus were non-severe. *Id.* at 20–21.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"). *Id.*

---

*McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014); citing, *inter alia*, 20 C.F.R. § 404.1520(a)(4)(i)–(v), § 416.920(a)(4)(i)–(v)). The claimant bears the burden of proof for the first four steps of the process. 42 U.S.C. § 423(d)(5)(A); *Melville v. Apfel*, 198 F.3d 45, 51 (2d Cir. 1999). At step five, the burden shifts to the Commissioner to demonstrate that there is other work in the national economy that the claimant can perform. *Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009).

[7] When a claimant alleges mental impairments in support of their claim of disability, the ALJ must supplement steps two and three of the standard five-step analysis with what is known as the "special technique." *See* 20 C.F.R. § 404.1520a; *see Nedzad O. v. Comm'r of Soc. Sec.*, 577 F. Supp. 3d 37, 44 (N.D.N.Y. 2021). This technique requires the ALJ to determine first whether the claimant has a "medically determinable mental impairment." *Nedzad O.*, 577 F. Supp. 3d at 44. If the claimant is found to have such an impairment, the ALJ must rate the degree of functional limitation resulting from the impairment(s) across four broad functional areas, known as "Paragraph B criteria": (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting and managing oneself. *See* 20 C.F.R. §§ 404.1520a(c)(3); 20 C.F.R. Part 404, Subpart B, Appendix 1 §§ 12.00(E)(1)–(4); *see also Nedzad O.*, 577 F. Supp. 3d at 44. Based on the record, the ALJ must make a finding as to the degree of any limitations in each functional area, using assessments of "none," "mild," "moderate," "marked," and "extreme," *see* 20 C.F.R. §§ 404.1520a(c)(4), which in turn informs whether the ALJ deems the mental impairment "severe" or "non-severe," *see id.* §§ 404.1520a(d)(1). If the ALJ rates the claimant's degree of limitation as "none" or "mild," the ALJ "will generally conclude that [claimant's] impairment(s) is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in [claimant's] ability to do basic work activities." 20 C.F.R. § 404.1520a(d)(2).

at 21–22. Then, before proceeding to step four, the ALJ determined that Plaintiff had the following residual functional capacity[8] ("RFC"):

> to perform sedentary work as defined in 20 C.F.R. 404.1567(a) except [Plaintiff] can occasionally lift and or carry 10 pounds, frequently less than 10 pounds, stand and/or walk for 2 hours total for both in an 8 hour period with normal breaks; sit for 6 hours in an 8 hour workday with normal breaks; occasionally climb ramps and stairs, can never climb ladders, ropes, or scaffolds, occasionally stop, never crouch, kneel, or crawl. She is limited to working in a moderate noise level environment. She can occasion[ally] reach overhead with the bilateral upper extremities and can frequently reach in all other directions bilaterally and can handle and finger frequently bilaterally. After standing or walking for 15 minutes, [Plaintiff] can sit for three minutes at the workstation, while remaining on task, before resuming standing or walking. After sitting for 30 minutes, [Plaintiff] can stand for three minutes at the workstation, while remaining on tasks, before resuming sitting.

*Id.* at 22. At step four, the ALJ found that Plaintiff was unable to perform her past relevant work as an accounts payable clerk and receptionist. *Id.* at 25; *see id.* at 60–61. Nevertheless at step five, the ALJ found that based on Plaintiff's age, education, work experience, and RFC, as well as the testimony of the VE, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as a dividend deposit clerk, appointment clerk, and budget scheduler. *Id.* at 25–27. Therefore, the ALJ found that Plaintiff was not disabled, and not entitled to DIB. *Id.* at 27.

On May 14, 2024, the Appeals Council denied Plaintiff's request to review the ALJ's decision. *Id.* at 1–6. The ALJ's decision thus became the "final decision" of the

---

[8] "Residual functional capacity" ("RFC") means the most that the claimant can still do in a work setting despite the limitations caused by the claimant's impairments. 20 C.F.R. § 404.1545.

Commissioner. *See Perez v. Chater*, 77 F.3d 41, 44 (2d Cir. 1996) (citing 20 C.F.R. § 404.981) ("[I]f the Appeals Council denies review, the ALJ's decision becomes the [Commissioner]'s final decision.").

**LEGAL STANDARD**

Congress has authorized federal courts to engage in limited review of final Social Security benefits decisions. *See* 42 U.S.C. § 405(g). The Court's scope of review is limited to whether the Commissioner's determination is supported by substantial evidence in the record and whether the Commissioner applied the correct legal standards. *See id.*; *Rucker v. Kijakazi*, 48 F.4th 86, 90–91 (2d Cir. 2022).

"'Failure to apply the correct legal standard constitutes reversible error, including in certain circumstances, failure to adhere to the applicable regulations.'" *Douglass v. Astrue*, 496 F. App'x 154, 156 (2d Cir. 2012) (quoting *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008) (remanding for non-compliance with regulations)). Federal courts review *de novo* whether the correct legal principles were applied and whether the legal conclusions made by the ALJ were based on those principles. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987).

If the reviewing court is satisfied that the ALJ applied the correct legal standards, then it must "conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision." *Schillo v. Kijakazi*, 31 F.4th 64, 74 (2d Cir. 2022) (noting it is not a federal court's function to determine *de novo* whether a plaintiff is disabled). "The substantial evidence standard means once an ALJ finds facts, [the Court] can reject those facts only if a reasonable factfinder would have to

conclude otherwise." *Id.* (quotations and emphasis omitted); *see Biestek v. Berryhill,* 587 U.S. 97, 103 (2019) (reiterating "substantial evidence" is "more than a mere scintilla" and not a high evidentiary burden to satisfy). In other words, "[i]f evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld." *Schillo,* 31 F.4th at 74 (quotation omitted). The Court "require[s] that the crucial factors in any determination be set forth with sufficient specificity to enable [it] to decide whether the determination is supported by substantial evidence." *Id.* (quotation omitted).

## DISCUSSION

On appeal, Plaintiff argues that the ALJ erred by (1) failing to follow Social Security Ruling ("SSR") 16-3p[9] in assessing Plaintiff's statements about her symptoms; (2) creating a highly specific RFC of the ALJ's own surmise; and by (3) materially mischaracterizing the medical evidence in the record. ECF No. 11-1 at 22–28. The Commissioner responds that substantial evidence supports the ALJ's decision. ECF No. 17-1 at 6–14.

The Court agrees with Plaintiff that the ALJ's discussion of Plaintiff's symptoms does not comport with relevant regulations, requiring remand.

To evaluate a claimant's symptoms, an ALJ must follow a two-step process. *See* 20 C.F.R. § 404.1529; Titles II & XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements, SSR 96-7p, 1996 WL

---

[9] "Plaintiff cites to SSR 16-3p in her papers, which superseded SSR 96-7p." *Williams v. Berryhill,* No. 17-CV-1660 (JMA), 2019 WL 1271647, at *5 (E.D.N.Y. Mar. 19, 2019). *See generally* Titles II & XVI: Evaluation of Symptoms in Disability Claims, SSR 16-3p, 2017 WL 5180304 (S.S.A. Oct. 25, 2017) ("SSR 16-3p").

374186 (S.S.A. July 2, 1996) ("SSR 96-7p"); *see also Williams v. Berryhill*, No. 17-CV-1660 (JMA), 2019 WL 1271647, at \*5 (E.D.N.Y. Mar. 19, 2019) (analyzing plaintiff's similar arguments under SSR 96-7p instead of SSR 16-3p). The ALJ must first determine whether there is an underlying medically determinable physical or mental impairment(s) that could reasonably be expected to produce the claimant's pain or other symptoms. 20 C.F.R. § 404.1529(b). Then, if such an underlying impairment exists, the ALJ must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's work-related activities. *Id.* at § 404.1529(a). If Plaintiff's subjective statements of the intensity, persistence, and limiting effects of her symptoms are not substantiated by objective medical evidence, an ALJ must consider other evidence in the record to determine if the claimant's symptoms limit the ability to do work-related activities. *Id.* at § 404.1529(c)(3)–(4).

> In this analysis, the ALJ must consider: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medications taken to alleviate the pain; (5) any treatment, other than medication, that the claimant has received; (6) any other measures that the claimant employs to relieve the pain; and (7) other factors concerning the claimant's functional limitations and restrictions as a result of the pain.

*Id.* at § 404.1529(c)(3)(i)–(vii); *see* SSR 96-7p, 1996 WL 374186, at \*6–7; *Joseph v. O'Malley*, 772 F. Supp. 3d 265, 275 (E.D.N.Y. 2024).

"Although the ALJ is 'not require[d] to accept the claimant's subjective complaints without question,' and the ALJ 'may exercise discretion in weighing the credibility of the claimant's testimony in light of the other evidence in the record,'"

*Joseph*, 772 F. Supp. 3d at 275 (alteration in original) (quoting *Campbell v. Astrue*, 465 F. App'x 4, 7 (2d Cir. 2012)), "[w]here the ALJ fails sufficiently to explain a finding that the claimant's testimony was not entirely credible, remand is appropriate." *Id.* (quotation omitted) (alteration in original). "The determination or decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." *Id.* (quotation omitted); *see* SSR 96-7p, 1996 WL 374186, at *5–7.

Furthermore, as generally applicable to the Commissioner's inquiry, the ALJ "must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." Titles II & XVI: Assessing Residual Functional Capacity in Initial Claims, SSR 96-8p, 1996 WL 374184, *7 (S.S.A. July 2, 1996) ("SSR 96-8p"); *see, e.g., Joseph*, 772 F. Supp. 3d at 275 (discussing ALJ's requirements in evaluating plaintiff's symptoms to include that the ALJ "should 'specify' 'any of [claimant's] statements' that are 'inconsistent with medical evidence in the record' and 'explain why he chooses to discredit them with reference to the applicable factors'" (quoting 20 C.F.R § 404.1529(c)).

No such analysis appears in the ALJ's decision here. Here, the ALJ noted that Plaintiff described having "limitations in all exertional, manipulative, and postural activities, and stated she is unable to lift more than two pounds," and that Plaintiff testified at the hearing to being "unable to work because her pain requires her to frequently rest," needing to lie down up to three hours every day, being unable to lift

over five pounds, and having "difficulties with both shoulders, and deficits and pain in her arms and hands." AR at 23. The ALJ concluded, using boilerplate language, that Plaintiff's medically determinable impairments could reasonably be expected to cause such symptoms, but that the intensity, persistence, and limiting effects she described were not entirely consistent with the medical and other evidence, *id.*, and then proceeded to review various parts of the medical record, *see id.* at 23–25.

First, Plaintiff is correct that there was recurrent objective medical evidence in the record during the relevant period that supported her description of symptoms, particularly with respect to Plaintiff's need to lie down due to pain and the efficacy and side effects of pain management treatment. ECF No. 11-1 at 23 (citing, as examples, AR at 657, 661, 783, 893, 923, 930, 1046, 1051, 1055, 1060, 1065). The ALJ did not need to credit this evidence when evaluating whether the intensity, persistence, and limiting effects of Plaintiff's symptoms were consistent with objection evidence at step two of the symptom analysis, but there is no discussion, let alone one "'with sufficient specificity to permit intelligible plenary review of the record,'" of the ALJ's conclusion that Plaintiff's symptoms were inconsistent with medical evidence. *Acevedo v. Saul*, 577 F. Supp. 3d 237, 246 (S.D.N.Y. 2021) (quoting *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 260–61 (2d Cir. 1988)); *see* SSR 96-8P, 1996 WL 374184, *7 (the ALJ "must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.").

Even if the ALJ had sufficiently demonstrated a reconciliation of the objective medical evidence with respect to Plaintiff's symptoms, the ALJ was still then

10

obligated to analyze "other evidence" in the record before finding Plaintiff's subjective reports of her symptoms not to be credible. *See* 20 C.F.R. § 404.1529(c)(3)–(4); SSR 96-7p, 1996 WL 374186, at *6–7. There is no mention or discussion here of, for example, Plaintiff's daily activities, and the required consideration of the credibility factors in § 404.1529(c)(3) is not evident from the ALJ's decision. Remand is therefore required. *See, e.g., Joseph*, 772 F. Supp. 3d at 276–77 ("[T]he ALJ's decision offers boiler-plate language as to the assessment of Mr. Joseph's subjective symptoms, then reviews Mr. Joseph's medical history and various parts of the medical record. The failure to properly consider the credibility factors is erroneous."); *Valet v. Astrue*, No. 10-CV-3282 KAM, 2012 WL 194970, at *22 (E.D.N.Y. Jan. 23, 2012) ("Where the ALJ fails sufficiently to explain a finding that the claimant's testimony was not entirely credible, remand is appropriate."); *Cabibi v. Colvin*, 50 F. Supp. 3d 213, 237 (E.D.N.Y. 2014) (finding improper analysis of factors in § 404.1529(c)(3)(i)–(vii) a "serious flaw in [ALJ's] credibility determination"); *Kane v. Astrue*, 942 F. Supp. 2d 301, 314 (E.D.N.Y. 2013) (finding "ALJ's credibility analysis was insufficient" where "ALJ did not explicitly refer to or discuss any of the factors listed in 20 C.F.R. 404.1529(c)(3)" and collecting cases); *Pereyra v. Astrue*, No. 10-CV-5873 (DLI), 2012 WL 3746200, at *15 (E.D.N.Y. Aug. 28, 2012) (remanding where the ALJ failed "to discuss the intensity, duration, and frequency of [claimant's] pain" or "address other methods Plaintiff employed to relieve her pain," specifically the use of, *inter alia*, a cane); *see also Kohler*, 546 F.3d at 265 (remanding for non-compliance with regulations).

That the ALJ here offered a summary of the medical records is not a substitute for properly assessing Plaintiff's subjective symptoms. *See, e.g., Smith v. O'Malley*,

No. 23-CV-02339 (JLC), 2024 WL 1983881, at *13 (S.D.N.Y. May 6, 2024); *Williams*, 2019 WL 1271647, at *5; *Joseph*, 772 F. Supp. 3d at 276–77.

In light of this decision to remand, the Court need not address Plaintiff's other arguments. *See Carlin v. Comm'r of Soc. Sec.*, No. 19-CV-6312-LJV, 2020 WL 5995181, at *3 (W.D.N.Y. Oct. 9, 2020) (declining to reach further issues raised by plaintiff because they "may be affected by the ALJ's treatment of this case on remand." (quotation omitted)). However, the Court directs the Appeals Counsel to assess, in constructing its remand order, whether additional instructions not inconsistent with this Decision and Order are warranted for the remanded proceedings.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 11, is GRANTED, and the Commissioner's cross-motion for judgment on the pleadings, ECF No. 17, is DENIED. The matter is REMANDED under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this decision.

SO ORDERED.

Dated: March 31, 2026
    Rochester, New York

HON. MEREDITH A. VACCA
UNITED STATES DISTRICT JUDGE

12